No. 193 March 5, 2025 491

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KATE SAVANNAH,
*Defendant-Appellant.*

Lane County Circuit Court
22CR10207; A181164

Beatrice N. Grace, Judge.

Submitted November 25, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for second-degree criminal trespass, ORS 164.245, based on defendant's conduct at the Eugene Municipal Courthouse. She raises three assignments of error. For the following reasons, we affirm.

*Motion to suppress.* In her first assignment of error, defendant argues that the trial court erred when it denied her motion to suppress evidence—including her "identity and statements"—because the arresting officer "did not have reasonable suspicion of trespass when he seized [her]."

> "We review a trial court's denial of a motion to suppress for legal error, and we are bound by the trial court's factual findings if there is any constitutionally sufficient evidence in the record to support them. When the trial court did not make express findings and there is evidence from which the trial court could have found a fact in more than one way, we will presume that the trial court decided the facts consistently with the trial court's ultimate conclusion."

*State v. Maciel-Figueroa*, 361 Or 163, 165-66, 389 P3d 1121 (2017) (citation omitted).

"Reasonable suspicion has a subjective and an objective component[.]" *State v. Moore*, 264 Or App 86, 89, 331 P3d 1027 (2014). Because we do not understand defendant to challenge the officer's subjective belief that defendant was trespassing in the courthouse, we consider the objective component.

> "Reasonable suspicion exists when an officer can point to specific and articulable facts that give rise to a reasonable inference that the defendant committed or was about to commit a specific crime or type of crime. That inference must be objectively reasonable in light of the totality of circumstances known to the officer."

*State v. Wicks*, 332 Or App 67, 69-70, 549 P3d 49 (2024) (internal quotation marks and citation omitted); *see also State v. Wampler*, 325 Or App 722, 727, 530 P3d 133, *rev den*, 371 Or 477 (2023) ("[R]easonable suspicion is a relatively low barrier, and the reasonable suspicion standard includes a proper regard for the experience that police officers bring

with them when they encounter criminal suspects." (Internal quotation marks omitted.)).

As relevant here, a person commits second-degree criminal trespass when the person "enters or remains unlawfully \* \* \* in or upon premises." ORS 164.245(1). In evaluating whether "it was objectively reasonable for [a law enforcement officer] to suspect that [a] defendant was trespassing," "we must determine whether the circumstances were such that a reasonable person in defendant's position would have thought they needed permission to remain in that location." *Wampler*, 325 Or App at 728.

We conclude that the circumstances in the courthouse "were such that a reasonable person in defendant's position would have thought they needed permission to remain in that location." *Id.* At the suppression hearing, the arresting officer testified that when he arrived at the courthouse, a sergeant informed him that the people in the lobby "had bypassed the security checkpoint," that anyone who did not leave would be arrested for trespass, and that all other patrons and employees had left the courthouse. The officer saw several people—including defendant—in the lobby and told them to leave "at least five times." Defendant remained in the lobby.

We conclude that the foregoing "specific and articulable facts"—when considered in light of the totality of the circumstances known to the officer—create an objectively reasonable inference that defendant was trespassing in the courthouse. *Wicks*, 332 Or App at 69. Therefore, the trial court did not err when it denied defendant's motion to suppress evidence.

*Motion for judgment of acquittal (MJOA).* In her second assignment of error, defendant argues that the trial court erred when it denied her MJOA because the state failed to establish the elements of second-degree criminal trespass, ORS 164.245.

"In reviewing a trial court's denial of a motion for judgment of acquittal, the court considers whether any rational trier of fact, accepting reasonable inferences and making reasonable credibility choices, could have found the

essential elements of the crime beyond a reasonable doubt. In so doing, the court reviews the facts in the light most favorable to the state and draws all reasonable inferences in the state's favor."

*State v. Lupoli*, 348 Or 346, 366, 234 P3d 117 (2010) (citation omitted). As noted above, a person commits second-degree criminal trespass when the person "enters or remains unlawfully *** in or upon premises." ORS 164.245(1).

Defendant first challenges the state's evidence that she "remained unlawfully" in the courthouse. A person "enters or remains unlawfully" when the person "fail[s] to leave premises that are open to the public after being lawfully directed to do so by the person in charge[.]" ORS 164.205(3)(b). In turn, a "person in charge" is "a person, a representative or employee of the person who has lawful control of premises by ownership, tenancy, official position or other legal relationship." ORS 164.205(5).

Viewing the facts in the light most favorable to the state, we conclude that the evidence permitted a rational juror to find that defendant remained in the courthouse unlawfully. Here, the state presented evidence that the presiding judge had the authority to close the courthouse. On the day in question, the presiding judge called police to the courthouse because a group of people had entered without "go[ing] through screening [and] were refusing to leave." The presiding judge then directed police to remove individuals who had not been screened properly or who refused to leave. In addition, a sergeant testified that the presiding judge "asked [him] to get the lobby cleared of people." The sergeant and other officers "gave [the group] numerous admonishments" but the group "refused to leave." Moreover, the trial court admitted into evidence body camera video that showed police directing defendant to leave and defendant refusing to do so. That evidence was legally sufficient to support a finding that defendant remained in the courthouse unlawfully.

Defendant next argues that "the state failed to prove that defendant acted with the requisite mental state as to her authorization to remain" and that "there is no evidence

to suggest *defendant* knew that they failed to observe her or that she

needed to do more than submit to the screening by x-ray and a metal detector."[1] "'Knowingly' or 'with knowledge' * * * means that a person acts with an awareness that the conduct of the person is of a nature so described or that a circumstance so described exists." ORS 161.085(8).

Here, a courthouse security officer testified that he told defendant that the security officers needed to screen her before she entered, that defendant refused, and that she "[tried] to force her way around [him]." That testimony, coupled with the foregoing evidence that police repeatedly directed defendant to leave and that she refused to do so, permitted a rational juror to find that defendant knew that she had not completed the courthouse security screening and nevertheless remained in the courthouse.

Finally, defendant argues that the state failed to prove "that a person-in-charge lawfully directed her to leave." Specifically, defendant contends that the "police order to close the courthouse does not constitute a lawful directive to leave by a person-in-charge because the police exceeded the authority delegated to them." We disagree with defendant's argument.

As noted above, the state presented evidence that the presiding judge had the authority to close the courthouse and that the judge directed police to remove individuals who had not been screened properly or who refused to leave. Further, the sergeant testified that "the presiding judge asked us to clear because he had concerns for people passing through the security without getting properly screened." Viewing that evidence in the light most favorable to the state, we conclude that it permitted a rational juror to find that, by directing defendant to leave the courthouse

---

[1] ORS 164.265 does not specify a required culpable mental state. *State v. Haley*, 371 Or 108, 119-20, 531 P3d 142 (2023). However, because "the state alleged that defendant acted 'knowingly[,]' * * * the state had the burden to prove that defendant knowingly entered or remained unlawfully." *State v. Lucero*, 265 Or App 328, 331 n 2, 335 P3d 1275, *rev den*, 365 Or 575 (2014) (so concluding with respect to first-degree criminal trespass, ORS 164.255); *see also State v. Lane*, 341 Or 433, 440, 144 P3d 927 (2006) ("Having alleged that defendant acted knowingly, the state was required to prove defendant's knowledge.").

because it was closed, the police carried out the presiding judge's order. The trial court did not err when it denied the MJOA.

*Jury instruction.* In her third assignment of error, defendant argues that the trial court plainly erred when it "fail[ed] to instruct the jury on any culpable mental state as to whether her remaining in the courthouse was unlawful."

"Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we may review an unpreserved error if it is "plain error." *State v. Vanornum,* 354 Or 614, 629, 317 P3d 889 (2013). A plain error is "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *Id.* If we conclude that an error is "plain," we must "determine whether to exercise [our] discretion to review the error." *Id.* at 630.

We conclude that any error is not plain. Here, the trial court instructed the jury:

> "In this case, to establish the crime of criminal trespass in the second degree, the state must prove beyond a reasonable doubt the following elements:
>
> "The act occurred on or about February 16th, 2022; and [defendant] *knowingly and unlawfully* entered or remained in or on the premises."

(Emphasis added.) The trial court also instructed the jury on the definition of "knowingly and with knowledge." Because it is not "obvious" or "apparent on the record" that the trial court did not instruct the jury on a culpable mental state, the trial court did not plainly err. *See Vanornum*, 354 Or at 629.

Affirmed.